## W. H. LOVELACE v. HENRY CARPENTER.

*Action to Recover Land—Estoppel—Survey—Deed.*

Where, in the trial of an action to recover land, the plaintiff introduced a deed from E., a third party, to the defendant, for the purpose of showing the location of disputed line and corners, and the defendant testified that several years after he received the deed, he was present when a surveyor ran the calls of the deed, plaintiff's request for an instruction that the defendant was estopped by E.'s deed to him, and the survey, from denying the location of the disputed corner at the place claimed by the plaintiff, was properly refused.

CIVIL ACTION to recover land, tried before *Armfield, J.*, and a jury, at Spring Term, 1893, of RUTHERFORD Superior Court.

From a verdict and judgment for defendant, the plaintiff appealed.

The facts are stated in the opinion.

*Messrs. Justice & Justice,* for plaintiff (appellant).
*Messrs. McBrayer & Durham,* for defendant.

AVERY, J.: After examining the map, together with the deeds offered, we can understand why, in the unique brief of defendant's counsel, they cite no authority to negative a proposition which is itself, as the case is stated for consideration here, supported neither by reason nor authority. The plaintiff's title to the land in controversy depends upon whether he can establish the location of a certain pine tree at a certain point, some distance further north than the location contended for by the defendant, and also whether a certain dogwood corner is at a place on Broad river some distance northwest of that which the defendant claimed to be the true location. The line between the two corners men-

tioned, if run according to plaintiff's contention, would so locate his deeds as to include the land in dispute, while the defendant insists that the calls of some, if not all, of the deeds constituting the plaintiff's chain of title, pass so far south as not to embrace the *locus in quo* within the plaintiff's boundary. The plaintiff introduced a grant and five *mesne* conveyances. The disputed line is described in the grant as running north 60 east, in four of the *mesne* conveyances as running north 80 east, but in the fifth as running north 70 east to the birch and dogwood. Several witnesses were examined on behalf of the plaintiff, and testified to facts tending to show where the disputed line and corners were, when plaintiff put in evidence a deed from one O. P. Earl and wife to the defendant, dated March 15, 1878. The defendant thereupon testified on his own behalf that he was present six or seven years after the execution of the deed from Earl to himself, when one Davis as surveyor ran the calls of it so as to pass along the upper line, or that claimed by the plaintiff as the true location of his boundary. We are left to infer, without any explicit statement to that effect, that the defendant's deed appeared to be for land adjacent to that embraced by the plaintiff's deed, the location of the southern boundary of which depended upon the establishing of plaintiff's northern boundary. The plaintiff, upon this assumption, as we infer, asked the Court to instruct the jury that the defendant was estopped from denying that plaintiff's corner was located at the point where the surveyor Davis ran the defendant's line in the attempt to determine the dividing line between them.

Whether Davis ran the true line or not, his running was no more conclusive upon the defendant of the controversy as to location than was the running by Watkins, the surveyor appointed by the Court in this case, of any one of the lines in making his survey. It is not an estoppel by matter

of record, because there is no evidence of a judgment in any former suit between the parties affecting the matter in controversy here.   The deed of Earl to the defendant is not executed by the plaintiff, or any one in privity with him, but to him.   Estoppel *in pais* is the only remaining kind of estoppel known to the law.   1 Herman on Executions, p. 1. Though it may not seem necessary to do so, we will refer to the text-books, where the nature of this third species of estoppel is explained, to show that there is no aspect of the testimony in which the defendant is precluded from setting up title to the land in controversy, on the ground that his conduct has misled the plaintiff and placed him in position that he must suffer injury if the defendant is allowed to claim the disputed land.   2 Herman on Executions, sections 967, 970, *et seq.*

Judgment Affirmed.